PROB 12C
(6/16)

Report Date: November 28, 2018

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2018

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Elijah Jacob Martinez          Case Number: 0980 2:09CR06012-EFS-1

Address of Offender: ▬▬▬▬▬▬▬▬ Benton City, Washington 99320

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: January 14, 2010

Original Offense:     Possession of a Controlled Substance With Intent to Distribute, 21 U.S.C. § 841(a)(1);
                      Felon in Possession of Firearm, 18 U.S.C. § 922(g);

Original Sentence:    Prison- 96 months; TSR - 60 months          Type of Supervision: Supervised Release

Revocation Sentence:  Prison- 60 days; TSR- 34 months
(April 24, 2018)

Asst. U.S. Attorney:  Thomas J. Hanlon          Date Supervision Commenced: June 2, 2018

Defense Attorney:     Nicholas W. Marchi        Date Supervision Expires: April 1, 2021

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to report for random urinalysis testing on September 11, 7, 28; October 10, 15, 25; and November 6, 15, 21, 2018.

On June 7, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was to report for random drug testing. He also signed his Treatment Services Contract Program Plan stating he understood he was to call First Step Community Counseling daily and report for random urinalysis testing when the color Brown was noted.

Prob12C
Re: Martinez, Elijah Jacob
November 28, 2018
Page 2

On September 11, 17, and 28, 2018, the color Brown was called but the offender failed to report for random testing.

On October 1, 2018, the drug testing contract vendor changed and the offender signed a new Treatment Services Contract Program Plan stating he understood he would now contact Merit Resource Services daily and report when the color Brown was noted.

On October 10, 15, 25, 2018; and November 6, 15, 21, 2018, the color Brown was called but the offender failed to report for random testing.

2    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to August 23, 2018; September 8, 2018; and October 1, 2018.

On June 7, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was to abstain from the use of illegal controlled substances. In addition, he signed the Substance Abuse Testing Instructions.

On August 23, 2018, the offender reported to the Richland probation office where a random urinalysis test was taken. The sample initially tested presumptive positive for the presence of methamphetamine. The sample was forwarded to Alere for confirmation. The sample was confirmed positive for the presence of methamphetamine on August 26, 2018.

On September 10, 2018, the offender reported to the Richland probation office and admitted on his monthly report that he had used methamphetamine on September 8, 2018. He then signed the Admission/Denial Report stating the same.

On October 2, 2018, the offender reported to the Richland probation office and admitted he had used methamphetamine on October 1, 2018. The offender noted the use on his monthly report.

3    **Special Condition # 1**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**:  The offender is considered to be in violation of his period of supervised release by failing to report for mental health treatment on November 20, 2018.

On June 7, 2018, the offender signed his Judgement in a Criminal Case stating he understood he was to comply with all recommended mental health treatment.

Prob12C
Re: Martinez, Elijah Jacob
November 28, 2018
Page 3

        On July 17, 2018, the offender signed his Treatment Services Contract Program Plan stating he understood he was to attend individual treatment sessions with Riverview Counseling on a weekly basis.

        On November 20, 2018, the offender failed to report for his individual session. He also failed to contact his treatment provider to advise why he missed his session.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    11/28/2018

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[XX]  The Issuance of a Summons
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer

November 30, 2018

Date